"ORGINIAL"



For Clerk's Office Use

| Judge | Rec'd |
|---|---|
|  |  |

IN THE UNITED STATES DISTRICT
COURT FOR THE ~~WESTERN~~ DISTICT
OF ~~VIRGINIA~~ DELAWARE

For use by inmates filing a complaint under **CIVIL RIGHTS ACT, 42 U.S.C. §1983**

FLOYD O. HUNT, JR.,                                   1527787
Plaintiff full name                                              Inmate No.

v.                                         CIVIL ACTION NO. _____

THEODORE G. MERMIGOS, JR., "Sued in individual Capacity"
Defendant(s) full name(s)
Delaware Health and Social Services (DSS)
84A Christiana Road / New Castle, DE 19720   Phone (302) 395-6520

********************************************************************************

A. Current facility and address: Red Onion State Prison
P.O. Box 970, Pound Virginia 24279

B. Where did this action take place? Delaware Health / Social Services (DSS)

C. Have you begun an action in state or federal court dealing with the same facts involved in this complaint?

_____ Yes       __X__ No

If your answer to A is Yes, answer the following:

  1. Court: _____

  2. Case Number: _____

D. Have you filed any grievances regarding the facts of this complaint?

_____ Yes       __X__ No

  1. If your answer is Yes, indicate the result:
  _____

  Defendant has Failed to Provide Plaintiff the Appeal Form etc...
  2. If your answer is No, indicate why:

22- 380

E. Statement of Claim(s): State briefly the facts in this complaint. Describe what action(s) each defendant took in violation of your federal rights and include the relevant dates and places. **Do not give any legal arguments or cite any cases or statutes**. If necessary, you may attach additional page(s). Please write legibly.

Claim #1 – Supporting Facts – Briefly tell your story without citing cases or law:

Please see attached Pages 1-5

Claim #2 – Supporting Facts – Briefly tell your story without citing cases or law:

N/A

F. State what relief you seek from the Court. Make no legal arguments and cite no cases or statutes.

Please see attached Page 5 of 5

G. If this case goes to trial do you request a trial by jury?   Yes __X__   No ____

H. If I am released or transferred, I understand it is my responsibility to immediately notify the court <u>in writing</u> of any change of address after I have been released or transferred or my case may be dismissed.

DATED: 3-14-22            SIGNATURE: [signature]

VERIFICATION:
I, Floyd O. Hunt Jr., state that I am the plaintiff in this action and I know the content of the above complaint; that it is true of my own knowledge, except as to those matters that are stated to be based on information and belief, and as to those matters, I believe them to be true. I further state that I believe the factual assertions are sufficient to support a claim of violation of constitutional rights. Further, I verify that I am aware of the provisions set forth in 28 U.S.C. §1915 that prohibit an inmate from filing a civil action or appeal, if the prisoner has, on three or more occasions, while incarcerated brought an action or appeal in federal court that is dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is imminent danger of serious physical injury. I understand that if this complaint is dismissed on any of the above grounds, I may be prohibited from filing any future actions without the pre-payment of the filing fees. I declare under penalty of perjury the foregoing to be true and correct.

DATED: 3-14-22            SIGNATURE: [signature]

## E. STATEMENT OF CLAIM

1. Plaintiff alleges, Defendant Mr. Mermigos, Jr., in his individual capacity and under color of state law has enforced Delaware State child support obligation law, CARES Act and 26 U.S.C Section 6402 laws that abridges Plaintiff's immunity under 42 U.S.C. Section 407(a), by Defendant seizing and taking Plaintiff's $1,200.00 CARES Act-"Social and economic Security" Payment to apply it to Delaware State child support obligation Case Numbers 276772, 281514 and 281677 in violation of Plaintiff's 14th Amendment-"immunity Clause".

## FACTS

1. On February 1, 2022, Defendant acknowledge that he did in fact seized and took Plaintiff's $1,200.00 CARES Act-"Social and economic Security" Payment and applied it to Delaware state Child support obligation Case Numbers 276772, 281514 and 281677. Defendant relied upon Delaware state child support obligation law and cited CARES Act and 26 U.S.C. Section 6402(c) as his authority to do so. See: Attached Exhibit __A__. Thereafter, Plaintiff written a letter to Defendant requesting him to provide Plaintiff with the Appeal Form so he could file an appeal for the matter to exhaust Plaintiff administration remedy.

Defendant has not given a response to Plaintiff's letter and Nor have Plaintiff received any documents from Delaware Health and Social Services (DCSS) that would allow Plaintiff to appeal Defendant's decision administratively.

## ARGUMENT

1. Plaintiff argues, Defendant's enforcement of said laws abridges his immunity under 42 U.S.C Section 407(a) in violation of the 14th Amendment-"immunity-Clause" for the following reasons:

"...No state shall make or enforce any law which shall abridge the... immunities of Citizens of the United States..." 14th Amendment- Section 1, "immunity clause".
42 U.S.C. Section 407(a) provides that none of the moneys paid under the Social Security Act, "shall be subject to execution, levy, attachment, garnishment or other legal process." Id.

## ANALYSIS

In Plaintiff's case, he asserts First, on March 27, 2020, the U.S. Congress passed the CARES Act, PL 116-136, 134 Stat. 281 to pay "adult individual" U.S. Citizens $1,200.00 as a social and economic security benefit to assist the adult individuals during the COVID-19 Pandemic. It also provided a separate provision to pay adult individuals →

2 of 5

who have children an additional $500.00 per child to assist the "individual child". Id.. Thus, its the intent of the CARES Act $1,200.00 stimulus payment to be paid directly to an adult individual for their personal benefit and the additional $500.00 to be paid directly adult individuals who have children for the child personal benefit. Consequently, the CARES Act stimulus payments are a social and economic security benefits to assist U.S. citizens during the COVID-19 Pandemic.

Secondly, 42 U.S.C. Section 407(a) was applied in Bennett v Arkansas, to a similar factual situation to the facts of Plaintiff's case. In that case, the Supreme Court held, "the State of Arkansas was not permitted to seize and take prisoner Bennett's Social Security benefit payments pursuant to a state law". Bennett v Arkansas, 485 U.S. 395 (1988). The Supreme Court in said case made a distinction between its Bennett's decision and its Ross v Ross decision, in which, is material to Plaintiff's case. Id. 485 U.S. at pg. 398. ("Nor do we think the state's implied exception argument is supported by our decision last term in Ross v Ross, 481 U.S. 619 (1987). There we held 38 U.S.C § 3101 did not bar a state court from holding disabled veteran in contempt for failing to pay child support, even though the veteran's only means of paying his obligation was to use his VA disability benefits.

3 of 5

But in that case we held that the benefits in question were designed by Congress to support not only the recipient of the benefits, but also his dependents. Accordingly, allowing the state court in that case to enforce a valid child support order was fully consistent with the underlying intent of Section 3101, wich was in part to prevent the deprivation and depletion of the means of subsistence of the beneficiaries of the Federal Payments. Here, in contrast, the State can not be said to be a "beneficiary" of petitioner's Social Security benefits." Id. at 485 U.S. Page 398.

Applying that distinction and reason to Plaintiff's case, it supports his three children - case Numbers 276772, 281514 and 281677 and Delaware Health and Social Services (DSS) are not and can not be said to be a "beneficiary" of his personal individual $1,200.00 CARES Act social security benefit. Had Plaintiff received the additional $500.00 per case Numbers 276772, 281514 and 281677 a total of $2,700.00 and Defendant took the $1,500.00 For said reason then he would have the legal right to do so. But, however, the facts shows he did the contrary, he seized and took Plaintiff's Personal and individual $1,200.00. Evenmore so, to support that it was U.S. Congress intent that $1,200.00 be a benefit for Plaintiff and not his dependents is the Federal Court decision.

4 of 5

Scholl v Mnuchin, 4:20-cv-5309-PJH-(N.D. Cal. Sept., 2020), were the Federal Court held, the CARES Act Applys to Prisoners' and the IRS must pay them the Stimulus Payments. Its illogically for the above court to hold Prisoners are entitled to receive the money for their "Personal Support" during the COVID-19 Pandemic and knowing that it could be seized and taken to pay Federal or State child support obligations. Plaintiff asserts, if that was U.S. Congress intent for the $1,200.00 they would not have provided a separate provision of $500.00 Per child. Moreover, Plaintiff's Notice letter 1444 date November 11, 2020, from Former President Donald J. Trump ensuring Plaintiff that the $1,200.00 would be Provided directly to Plaintiff, however, as the attached exhibit A shows, Defendant admits to intercepting from the IRS said money.

Thus, all the above facts and cited laws shows Defendant's enforcement of state law abridges Plaintiff's immunity under 42 U.S.C. Section 407(a) in violation of the 14th Amendment "immunity clause".

## RELIEF

1) Request a Jury trial,
2) Request Defendant to reimburse the $1,200.00 and mail it directly to Plaintiff at address: P.O. Box 970, Pound, VA 24279 and
3. Pay any and all Postage and Court Cost for this case.

5 of 5

FLOYD O. HUNT, JR. #1527787
Red Onion State Prison
P.O. Box 970
Pound, Virginia 24279





"OFFICE OF THE CLERK"
United States District Court
For The District of Delaware
ATTN: U.S. District Court Clerk
803 N. King St.
Wilm, DEL 19801
19801



"LEGAL-MAIL"